E-FILED
Thursday, 10 September, 2026 04:20:13 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

FREDERICK HAYWOOD,
Plaintiff,

v.

LIVINGSTON COUNTY, *et al.*,
Defendants.

Case No. 1:26-cv-01119-JEH

**Merit Review Order**

Plaintiff, proceeding *pro se*, filed a Second Amended Complaint[1] under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was a federal detainee at the Livingston County Jail ("Jail"). (Doc. 21). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**I**

In reviewing the Second Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[1] Before the Court could conduct a merit review of Plaintiff's original Complaint and his Amended Complaint, Plaintiff filed a Second Amended Complaint. Therefore, the Court's merit review is of Plaintiff's Second Amended Complaint.

**II**

Plaintiff files suit against the U.S. Marshals Service Northern District of Illinois, Livingston County, Jail Superintendent Lisa Draper, Assistant Superintendent Sherry Martin, Lieutenant Scott Harmon, Dr. Lochart, Charge Nurse Susanna Legner, and Turn Key Medical.

Plaintiff did not name the Jail as a Defendant in his Second Amended Complaint. In any event, the Jail is not a "person" amenable to suit under § 1983. *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001). The Jail is dismissed with prejudice.

Plaintiff alleges he suffers from several chronic health problems and has a pacemaker. On an unspecified date, Plaintiff arrived at the Jail wearing a life vest and had a three-month supply of his heart medication, which a cardiac doctor prescribed. After Plaintiff arrived at the Jail, Plaintiff did not see Defendant Dr. Lochart for thirty days.

On an unspecified date, Defendant Dr. Lochart changed Plaintiff's heart medication, causing a tear in his stomach. On April 7, 2026, Plaintiff was taken to the emergency room due to severe pain. At the emergency room, Plaintiff was prescribed medication to be taken every six hours. However, medical staff at the Jail allegedly refuse to give Plaintiff the medication as prescribed.

Plaintiff alleges medical staff at the Jail were unable to balance his INR level because the Jail does not have the proper machine. (Doc. 21 at p. 2). Instead, Plaintiff was required to do weekly blood draws. To date, Plaintiff's INR level is still not balanced. Plaintiff claims outside doctors have indicated the imbalance was caused by medication changes.

Plaintiff alleges Defendant "Turn Key Medical is responsible for the policy for care of the inmates at the Jail." (Doc. 21 at p. 3). Plaintiff states Defendants Dr. Lochart and Charge Nurse Legner are responsible for the direct care of inmates at the Jail. Plaintiff alleges Defendants Superintendent Draper, Assistant

Superintendent Martin, and Lieutenant Harmon were made aware of the problem through his grievances. Plaintiff alleges Defendant Livingston County is responsible for the Jail, and he made the County aware of the problem. Plaintiff alleges Defendant U.S. Marshals Service is responsible because they were made aware of the problem through a letter he sent.

**III**

During the relevant period, Plaintiff alleges he was a federal detainee at the Jail. As such, Plaintiff's claim arises under the Fourteenth Amendment's Due Process Clause. *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (holding that a detainee's claim arises under the Fourteenth Amendment's Due Process Clause). "[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley*, 576 U.S. at 398). "[T]he denial of medical care for an objectively serious medical condition violates a pretrial detainee's due process rights if it is 'objectively unreasonable' in the totality of the facts and circumstances, and if jail personnel act 'purposefully, knowingly, or perhaps even recklessly when they consider[] the consequences of their handling of [the detainee's] case." *Gunter v. United States Marshals Serv.*, No. 21-4065-CSB, 2023 WL 12047205, at *2 (C.D. Ill. Sept. 15, 2023) (quoting *Miranda*, 900 F.3d at 353-54).

Plaintiff alleges Defendant Dr. Lochart did not examine him until thirty days after he arrived at the Jail and then changed the medication a cardiac doctor had prescribed for his heart condition, leading to unbalanced INR levels, a tear in Plaintiff's stomach, severe pain, and a trip to the emergency room on April 7, 2026. Plaintiff alleges he did not receive the medication the emergency room physician prescribed. The Court finds that Plaintiff's allegations are sufficient to proceed on

a medical care claim under the Fourteenth Amendment's Due Process Clause against Defendant Dr. Lochart.

Plaintiff has not demonstrated how Defendants Charge Nurse Legner, Superintendent Draper, Assistant Superintendent Martin, and Lieutenant Harmon were personally involved in any constitutional deprivation. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). "Simply receiving correspondence from a prisoner" does not make a prison official liable for the alleged infraction. *Norington v. Daniels,* No. 11- 282, 2011 WL 5101943, at *2-3 (N.D. Ind. Oct. 25, 2011); *Diaz v. McBride*, No. 3:93-CV-176RM, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30, 1994) (a plaintiff cannot establish personal involvement and subject a prison official to liability under § 1983, merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates).

It also appears Plaintiff is attempting to hold Defendants Legner, Draper, Martin, and Harmon liable based solely on their supervisory roles. There is no *respondeat superior* under § 1983. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). If Jail officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Defendants Legner, Draper, Martin, and Harmon are dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

Plaintiff's Second Amended Complaint also does not state a claim against the U.S. Marshals Service, Turn Key Medical, or Livingston County. The Marshals Service is an agency of the United States Government. As such, the Marshals Service is immune from this suit. *Turner v. Cnty. of Cook*, No. 05 C 2890, 2005 WL 3299822, at *9 (N.D. Ill. Dec. 2, 2005) (citing cases). The U.S. Marshals Service is dismissed with prejudice.

As for Turn Key Medical, a private company performing a public function can be sued under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), but only if the "unconstitutional acts of their employees . . . were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021).

In order to allege a viable *Monell* policy claim, the plaintiff must identify an official policy that caused him injury. *Grieveson*, 538 F.3d at 771. Alternatively, a plaintiff pursuing an official custom or practice theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). Here, Plaintiff has not alleged any facts that would support a *Monell* claim. In a conclusory fashion, Plaintiff simply alleges that Turn Key Medical is "responsible for the policy of care of the inmates at the Jail." (Doc. 21 at p. 3).

Plaintiff alleges Livingston County is responsible for the Livingston County Jail. (Doc. 21 at p. 4). Plaintiff's threadbare allegations are insufficient to state a *Monell* claim against the County. Accordingly, Turn Key Medical and Livingston County are dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Second Amended Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Second Amended Complaint states a medical care claim under the Fourteenth Amendment's Due Process Clause against Defendant Dr. Lochart. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) The Clerk is directed to ADD Dr. Lochart as a Defendant.

3) Defendants Livingston County, Lisa Draper, Sherry Martin, Scott Harmon, Susanna Legner, and Turn Key Medical are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Defendants Livingston County Jail and United States Marshall [sic] Service are DISMISSED WITH PREJUDICE. The Clerk is directed to TERMINATE Defendants Livingston County, Livington County Jail, United States Marshall [sic] Service, and Draper.

4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5) The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7) If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and

the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition.

10) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) Plaintiff shall be provided a copy of all pertinent medical records upon request.

12) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: September 10, 2026

s/Jonathan E. Hawley
U.S. District Judge